**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: January 23 2015

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 14-32353 |
| | ) | |
| Alvin A. Spence and | ) | Chapter 7 |
| Elaine L. Spence, | ) | |
| | ) | |
| Debtors. | ) | JUDGE JOHN P. GUSTAFSON |

## MEMORANDUM OF DECISION AND ORDER

This case came before the court after a Hearing held on November 4, 2014 on the Chapter 7 Trustee's Motion for Turnover of Property. [Doc. #20]. The Debtors had responded to that Motion with a blanket Objection, requesting a Hearing. [Doc. #21]. At the Hearing, the parties agreed to the turnover of certain property. [Doc. #31, amended by Doc. #33]. The issue that the Trustee and the Debtors asked the court to decide involved the turnover of the 2013 tax refund.

From the Hearing and the documents submitted, and the court's docket, the following facts appear to be pertinent to the issue before the court: the Debtors requested an extension of time to file their 2013 tax refunds. *See*, IRS Form 4868 [Doc. #34-1]. The document states that it was mailed on April 4, 2014. The Form 4868 also states that the Debtors were sending a payment of $6,000. The same document contains

a handwritten notation, which must have been added later[1], stating "return filed 6/23/14". [*Id.*]. On June 25, 2014, the Debtors filed the above captioned Chapter 7 bankruptcy case. [Doc. #1]. On Schedule B, the Debtors listed "2013 Tax Refund (applied to estimates for 2014 Taxes) – $2,977.00." [*Id.*, at p. 10]. An additional document was filed for the court's consideration: a Tax Return Transcript ("Transcript") for the tax period ending December 31, 2013. [Doc. #34, p. 1]. The Transcript states that the "Received Date" for the Debtors' 2013 tax return is June 30, 3014. [*Id.*]. Under "Refund or Amount Owed", the transcript reflects that a refund of $2,926 was "applied to next year's estimated tax". [*Id.*, at p. 4].

At the Hearing, the parties simply requested that the court determine whether or not the Chapter 7 Trustee was entitled to the $2,926 that the Debtors had elected to have applied to their 2014 taxes. While arguments were made, no cases or statutes were cited. At the time of the Hearing, the parties did not have the tax documentation for the 2013 tax year, but requested that the court simply decide the issue based upon documents[2] that would be submitted after the Hearing. The court's typed and docketed Proceeding Memo states, in pertinent part: "Parties to provide court with a dated copy of the 2013 tax return. Issue to be decided is whether trustee has an interest in the 2013 refund that was used, prepetition, to pay estimated taxes for 2014. Decisional after court receives dated 2013 return." [Doc. #30]. In lieu of the "dated copy of the 2013 tax return", the court received the Form 4868 and the Transcript.

A brief review of the case law and statutes reflect that this issue involves a complex interaction of the Internal Revenue Code and the Bankruptcy Code. Under 26 U.S.C. §§ 6402(b) and 6513(d), a taxpayer may make an irrevocable election applying an overpayment of taxes to the subsequent year's tax obligation. It is the "irrevocable" aspect of this election that raises the issue of what a Chapter 7 trustee is entitled to when such an election is made. In such a situation, is the Chapter 7 trustee stepping into the shoes of the debtor(s), who have no right to get the monies back once the election is made? Or, is the "credit" with the IRS the type of "legal interest" that is part of the broad definition of "property of the estate"[3]?

A split of authority exists on this issue. The two leading cases are *Nichols v. Birdsell*, 491 F.3d 987 (9th Cir. 2007)(favoring the trustee's position based on Congress including all legal interests without exception) and *In re Graves*, 609 F.3d 1153 (10th Cir. 2010)(holding the bankruptcy trustee succeeds only

---

[1]/ The court takes judicial notice of the linear nature of time. Federal Rule of Evidence 201(b).

[2]/ Doc. ##34 & 34-1.

[3]/ *See*, §541(a).

to the title and rights in property that the debtor had at the time of filing, but allowing the trustee some possibility of recovery from the subsequent year's tax refund). There are also cases holding that the Chapter 7 trustee takes nothing when the election is made prior to filing. *See*, *In re Block*, 141 B.R. 609, 611 (N.D. Tex. 1992); *In re Simmons*, 124 B.R. 606, 607-608 (Bankr. M.D. Fla. 1991).

Granting that these bankruptcy decisions provide a wide range of possible outcomes when the election to apply a refund to the next year's estimated tax has been made, they do not address a fundamental question that arises here: when is the taxpayers' irrevocable election made and effective?

Looking at the time line, there is a hand written notation (of no apparent evidentiary value) stating that the return was filed June 23, 2014. From the docket, we know that the Chapter 7 petition was filed on June 25, 2014. The IRS transcript states that the return was received on June 30, 2014.

While the case law does not address when the election becomes legally effective, the answer may be based upon the Treasury Regulation that taxpayers rely upon when they line up at post offices each year, just before midnight on April 15th. There is a general rule that "a document or payment is deemed to be filed or paid on the date of the postmark stamped on the envelope or other appropriate wrapper (envelope) in which the document or payment was mailed." Treas. Reg. §301.7502-1(a). This provision may apply to the election to apply a refund to the following tax year. *See*, Treas. Reg. §301.6402-3(a)(5). The "sender" relying on this mailing rule "assumes the risk that the postmark will bear a date" that is compliant. Treas. Reg. §301.7502-1(c)(1)(iii).

On the other hand, it is not clear that the return was, in fact, "mailed". If the return was filed electronically, it "is deemed to be filed on the date of the electronic postmark". Treas. Reg. §301.7502-1(d)(1).

The court does not have any evidence that would allow a determination as to when the return was filed (or deemed filed). While there are other events that could conceivably trigger when an election to apply a refund is irrevocable - such as receipt by the IRS, an agency determination that a refund is due, or some other statutory rule - it appears that the court lacks the evidence necessary to make those factual determinations, even though the parties requested that the court decide this issue.

If the Debtors did not effectively make the irrevocable election to apply the refund before the Chapter 7 Petition was filed, the case law suggests that Chapter 7 Trustee will prevail. *See*, §542(a); *cf.*, *In re Graves*, 609 F.3d 1153, 1157 n.2 (10th Cir. 2010)(debtor control of tax refund existed prior to the irrevocable election). On the other hand, if the election was effectively made before the filing, the court will

3

have to decide what appears to be an issue of first impression in this Circuit[4]. That decision should not be based upon speculation, particularly when the evidence presented is not the dated copy of the 2013 tax return that the court requested[5] that the parties provide.

Accordingly, for the reasons stated herein,

**IT IS ORDERED** that this matter be set for Further Hearing on **Monday, March 16, 2015 at 10:00 a.m.**; and

**IT IS FURTHER ORDERED** that the parties will be provided the opportunity to present evidence regarding the effective date of the Debtors' election to apply the 2013 refund under 26 U.S.C. §6513(d); and

**IT IS FURTHER ORDERED** that the parties will have the opportunity to supplement their arguments to the court in light of the case law cited in this decision; and

**IT IS FURTHER ORDERED** that if the parties elect, instead, to resolve this matter through settlement, an Agreed Order should be submitted at least five days prior to the above scheduled Hearing.

###

---

[4]/ There may be some authority from this circuit on the issue. Because of the evidentiary issue, the legal research was not exhaustive.

[5]/ Obviously, a dated copy of the 2013 tax return may have been an inadequate evidentiary foundation for a decision on this issue, unless the return bore a signing date on or after June 26, 2014. *See*, n.1. What is needed, to establish what would appear to be the earliest possible date the irrevocable election could have been made, is a copy of the postmarked envelope or the electronic postmark for the 2013 tax return.